Carver *v.* Crocker.

---

DAVID CARVER, appellant *v.* OLIVER C. CROCKER, appellee.

*Appeal from Cook.*

The notice required by § 5 of the "*Act to amend an act concerning Justices of the Peace and Constables*," in order to enable a party to prove his demand, discount, or set-off by the testimony of the adverse party, or in case of his absence or refusal to be sworn, by his own oath, must be given to the adverse party personally. A notice to his attorney is not sufficient.

THIS cause was heard in the Court below, at the October term, 1836, before the Hon. Thomas Ford. A judgment was rendered for Crocker for $53,31¼, for which Carver appealed to this Court.

J. CURTISS and WM. STUART, for the appellant.

G. SPRING, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, and judgment given for Crocker, the plaintiff, against Carver, by default, on a promissory note. It was appealed to the Circuit Court of Cook county, by Carver, and the day before the trial in the Circuit Court, Carver served a notice on the attorney of Crocker "That the defendant had no means of proving his off-set to the demand of the plaintiff, except by the oath of one of the parties." On the trial in the Circuit Court, Carver offered to be sworn, whose evidence was rejected, on the ground that the plaintiff below was absent and a non-resident of the State.

The only question necessary for this Court to decide, is, whether the notice served on Crocker's attorney, was sufficient to allow Carver to be sworn. By the 5th section of the "*Act to amend an act concerning Justices of the Peace and Con-*

w

*stables,"* approved February 13, 1827,(1) either party who has no witness to prove his demand, discount, or set-off, may be permitted to prove the same by the testimony of the adverse party, or in case of his absence or refusal to be sworn, by his own oath, " *Provided,* that no person shall be allowed to prove his demand, discount or off-set, unless the adverse party be present, or shall have been notified thereof, and for which purpose the justice may continue the cause for such time as may be necessary." By the 6th section of the act, it is further declared that " Upon trials of appeals in the Circuit Court, the same rules of evidence shall be observed as in trials before justices of the peace." The letter as well as the spirit of these sections of the act, are that the party litigant, and not his attorney, must be notified, in order that he may elect whether to be sworn himself, or suffer the adverse party to be sworn. The attorney could not give the evidence contemplated by the act. If an attorney knew the facts which the opposite party desired to prove, he could be made a witness, and no notice would be necessary. That the act did not contemplate that the notice to the attorney would be sufficient, is evident from the consideration that the statute authorizes the justice to continue the cause for such time as may be necessary to give the notice. If the notice to an attorney was sufficient, this provision to continue the cause was idle; for the plaintiff is always in Court, either in person, or by attorney, or his cause would be discontinued. The defendant ought to have obtained a continuance of the cause, to enable him to serve his notice on the plaintiff personally. The Circuit Court decided correctly in refusing to permit the defendant to be sworn.

The judgment is affirmed with costs.

*Judgment affirmed.*